# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 22, 2019

```
*   *   *   *   *   *   *   *   *   *   *   *   *
JAMES BLUTE,                            *         UNPUBLISHED
                                        *
                Petitioner,             *         No. 17-1381V
                                        *
v.                                      *         Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *         Finding of Fact; Influenza (Flu)
AND HUMAN SERVICES,                     *         Vaccine; Intradermal;
                                        *         Shoulder Injury.
                Respondent.             *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

Isaiah R. Kalinowski, Maglio, Christopher & Toale, PA, Washington, DC, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.

## FACT RULING[1]

On September 29, 2017, James Blute ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that he suffered a shoulder injury resulting from an influenza ("flu") vaccination which he received on October 26, 2015. *Id.* at ¶ 1. For the foregoing reasons, I find that the vaccination was administered by intradermal injection, not intramuscular injection.

### I.    Procedural History

This claim was originally assigned to the Office of Special Masters' Special Processing Unit ("SPU"). Following an initial status conference on November 13, 2017, respondent was directed to review the records and provide his initial position on the case. Order (ECF No. 10). Respondent received several extensions of time. Then, on June 4, 2018, respondent filed a status

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

report providing that the medical records filed suggested that petitioner received an intradermal vaccination. Status Report (ECF No. 20), *see also* Pet. Ex. 1 at 3. Respondent requested that petitioner's counsel collect and file additional information on this issue. Status Report (ECF No. 20). On July 10, 2018, petitioner filed an additional medical record which also provided that he received an intradermal vaccination. Pet. Ex. 13.

On August 28, 2018, respondent filed a Rule 4(c) report recommending against compensation. In part, respondent contended that petitioner cannot establish that he suffered a SIRVA injury within the meaning of the Vaccine Injury Table, because petitioner received an intradermal vaccine. Respondent's Report (ECF No. 26) at 4-5. Following another status conference in the SPU, the case was transferred to the undersigned for all further proceedings. Order Reassigning Case filed October 10, 2018 (ECF No. 27).

On November 1, 2018, I held my initial status conference in this case. Mr. Isaiah Kalinowski appeared on behalf of petitioner. Ms. Debra Begley appeared on behalf of respondent. Mr. Kalinowski provided that petitioner believes that he did not receive an intradermal vaccine and that the medical records filed to date were incorrect. I directed both parties' counsel to work together on preparing written questions to the medical practice and obtaining written answers.

After providing several updates via status reports, on February 13, 2019, petitioner filed additional records. Most relevant to the instant matter, petitioner filed an affidavit with his recollections about receiving the vaccination, Pet. Ex. 15, and correspondence from the custodian of records for the vaccination, Pet. Ex. 16. On February 28, 2019, petitioner filed a status report providing that "at this juncture, it appears to petitioner that all available evidence regarding the vaccination has been filed into the record." Status Report (ECF No. 37). "Petitioner propose[d] to file a Motion for Finding of Fact by 29 March 2019. In the alternative, petitioner submits to another status conference or other additional proceedings as seems best [to, sic] the Court." *Id.*

On March 19, 2019, I convened another status conference in the case. The same attorneys appeared. Mr. Kalinowski confirmed that all available evidence on the vaccine's type and method of administration had been filed. Mr. Kalinowski requested my finding of fact on that issue. Neither petitioner or respondent raised any specific arguments or requested additional development of this issue. Accordingly, it is ripe for adjudication.

## II.     Finding of Fact

I hereby make the following finding after a complete review of the record, including but not limited to all medical records, affidavits, and other evidence filed by petitioner, as well as respondent's Rule 4(c) Report. I found particularly relevant the following evidence:

- Petitioner avers: "I can say with certainty that [a medical assistant trainee] gave me the kind of vaccination that is injected into the muscle of the shoulder, not one with a short needle that was just injected into the skin." Pet. Ex. 15 at ¶ 7.

- However, on October 26, 2015, Dr. Denis Y. Lin at Lung Specialists Merrimack Valley recorded that during an appointment that same day, petitioner received "Influenza ID (IIV4) PF 18 64 LSMV: 0.1 mL given . . . . on Right Deltoid." Pet. Ex. 1 at 3.

- The same medical practice's "Patient Vaccine Administration Record" provides that on October 26, 2015, petitioner received "Influenza ID (IV4) PF 18 64 LSMV," 0.1 mL, in the right deltoid. This record provides the vaccine's manufacturer, lot number, and expiration date. Pet. Ex. 13.

- The same medical practice provided in writing, in response to counsel's inquiry, that their documentation showed that an ID vaccination was given to petitioner. Pet. Ex. 16 at 2, 6.

- The medical practice also supplied the medical assistant's tracking notebook with the actual sticker of the vaccine given to petitioner. The sticker has the date, lot number, and specifies ID (not IM). Pet. Ex. 16 at 1, 6.

Based upon the foregoing, in particular the medical practice's documentary evidence of the sticker from the actual intradermal vaccination, I find that on October 26, 2015, petitioner received a flu vaccination that was administered by intradermal injection, not intramuscular injection.

**III.     Scheduling Order**

In accordance with the above and my discussion with counsel during the status conference, the following is hereby **ORDERED:**

1) **Within 60 days, no later than Tuesday, May 21, 2019**, petitioner shall file an expert report.

2) **Within 60 days thereafter**, respondent shall file a responsive expert report.

**IT IS SO ORDERED.**                                             **s/Thomas L. Gowen**
                                                                                  Thomas L. Gowen
                                                                                  Special Master